# EXHIBIT A

🌐 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
TIFT COUNTY, GEORGIA

**2022CV0123**

MAR 24, 2022 06:08 PM

Clay Pate, Clerk
Tift County, Georgia

**IN THE SUPERIOR COURT OF THE STATE OF GEORGIA
IN AND FOR TIFT COUNTY**

| | | |
|---|---|---|
| BRENDAN PURNELL, | ) | |
|     PLAINTIFF, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO._____ |
| | ) | |
| PEPSICO, INC. and TARGET | ) | |
| CORPORATE SERVICES, INC. | ) | |
|     DEFENDANTS. | ) | |

## COMPLAINT

**NOW COMES BRENDAN PURNELL (hereinafter "Plaintiff")**, *in propria persona sui juris,* who moves this Honorable Court with his COMPLAINT against the above-captioned defendants. In support thereof, he avers the following facts:

### I. PARTIES.

1. Plaintiff, Brendan Purnell, is a Georgia resident with a mailing address of: 2330 Scenic Hwy, Suite 300, Snellville, GA 30078.

2. Defendant PEPSICO, INC. (hereinafter "Pepsico") is a New York Corporation[1] whose Georgia Registered Agent is CT Corporation System with an address of: 289 S Culver St, Lawrenceville, GA, 30046-4805, USA.

3. Defendant TARGET CORPORATE SERVICES, INC. (hereinafter "Target") is a Minnesota Corporation[2] whose Georgia Registered

---

[1] PepsiCo, Inc.,700 Anderson Hill Road, Purchase, NY, 10577, USA.
[2] 1000 NICOLLET MALL, TPS-3155, Minneapolis, MN, 55403, USA.

Agent is <u>CT Corporation System</u> with an address of: <u>1201</u> <u>Peachtree Street, NE, Atlanta, GA, 30361, USA.</u>

## II. STATEMENT OF FACTS.

4. Plaintiff is in the freight-haul/ trucking industry.

5. He routinely coordinates with other drivers, independent owner/ operators, trucking carriers, brokers, *et. al.* in the due diligence of his career.

6. Plaintiff leased a trailer unit to allow himself and other industry affiliates to properly execute the performance of their duties as freight haulers.

7. The Plaintiff has paid, and continues to pay, lease payments for the trailer, which has allowed him the right to equitable interest in the trailer.[3]

8. On December 14, 2021, Mr. Derrick Bracey (hereinafter "Agent") was dispatched to Target's location in Tifton, GA, to retrieve the Plaintiff's empty trailer, which had been dropped off at Target's location circa one (1) week earlier.

9. The Agent was checked in by Target's security and instructed to go into the lot and retrieve the trailer.

10. A 30-minute search of Target's lot ensued, and the Agent was unable to locate the Plaintiff's trailer.

---

[3] See UCC 9-202, *inter alia.*

11. Agent initiated inquiry with Target's security who informed him that another company had removed the Plaintiff's trailer from the lot. Security identified the company as Pepsico.

12. The following day, the Agent spoke with "Clint," a Pepsico representative. "Clint" stated that upper management needed to be contacted; and *they* would locate the Plaintiff's trailer.

13. Subsequently, and on December 16, 2021, a person by the name "Julian Jones" was contacted as representative for Pepsico who readily admitted that Pepsico took the Plaintiff's trailer *without authorization* from Target in Tifton, GA to Gatorade in Atlanta, GA.

14. Plaintiff was engaged in all the aforementioned communication.

15. Agent reported to the Gatorade location in Atlanta to locate the Plaintiff's trailer, but was unsuccessful, due to the trailer <u>not</u> being there.

16. In desperation, the Agent called the Atlanta Police Department and reported the trailer stolen.

17. Thereafter, the leasing company of the Trailer, Metro, performed a GPS search of the trailer at the requests of the Plaintiff.

18. The GPS yielded a result of the trailer's location at Lincoln Electric in Lithia Springs, GA.

19. On his arrival to retrieve the equipment, the Agents was again notified that the trailer had been moved. This time it was taken back to Tifton. After dispatching a unit to pick-up the trailer, the Agent was met with absence and uncertainty. The trailer vanished again.

20. Finally, the Agent was able to locate the trailer at Target in Tifton, where he promptly called the Tifton Police Department, who came out and left information with Target that the trailer had been removed without permission and was not to be moved again without contacting either the police or the rightful owner.

21. Plaintiff retrieved his trailer after more than 1-month of unauthorized use by Pepsico.

22. The foregoing forms the basis for the Plaintiff's instant Complaint before this Honorable Court.

### III. STATEMENT OF CLAIM.

23.  The plaintiff incorporates by factual reference paragraphs 1 thru 22 of this Complaint, and avers the following in addition:

**COUNT ONE:   LEASEHOLD INTEREST.**

A.   Plaintiff had, from the time he placed the promissory note in escrow pending performance of the lease of his trailer, an equitable title to the leasehold estate or interest in the property.

B.  By recording the lease, Metro Trailer Leasing, effectively gave lawful cognizance to the Plaintiff's equitable title and leasehold to the trailer.

C.  The Plaintiff never publicly, privately, or tacitly abandoned his leasehold.

D.  By agreeing with Pepsico to allow the unauthorized use of the Plaintiff's trailer, which *inter alia*, caused the Plaintiff to be locked out of a sundry of business obligations and associated revenue streams, Target and Pepsico collectively deprived Plaintiff of his leasehold interest.

**COUNT TWO:  CONVERSION.**

A. Plaintiff complains that Pepsico's actions were tortious in nature, pursuant to O.C.G.A. 9.11-111.

B. Pepsico used the Plaintiff's trailer without authorization and/ or agreement (directly or indirectly) to promote, promulgate, and directly benefit from the commercial usage thereof.

C. Pepsico knew, or reasonably should have known that the Plaintiff's trailer was <u>not</u> subject to commercial usage for its' private gain.

D. Plaintiff has been harmed and damaged as a direct and proximate result of Pepsico's conversion of his property, which is properly before this Honorable Court.

E. Pepsico unjustly enriched itself by conversion of the Plaintiff's trailer.

**<u>COUNT THREE: CIVIL CONSPIRACY.</u>**

A. *"A conspiracy is a combination of two or more persons to accomplish an unlawful end or to accomplish a lawful end by unlawful means. To recover damages for a civil conspiracy claim, a plaintiff must show that two or more persons, acting in concert, engaged in conduct that constitutes a tort. Absent the underlying tort, there can be no liability for civil conspiracy."*[4]

B. Plaintiff avers and argues that Pepsico and Target knew, or reasonably should have known that Pepsico did not have authorization to take the Plaintiff's trailer.

C. By allowing Pepsico to remove the Plaintiff's property from its' lot **<u>without authorization</u>**, Target conspired with Pepsico to engage in the tort of conversion.

---

[4] *Miller vs. Lomax,* 596 S.E.2d 232 (2004).

D. The facts in this case conclude that Target knew the trailer to be the property of the Plaintiff as evidenced in its' allowing Plaintiff's Agent to come onto the property to retrieve the trailer.

E. Moreover, Pepsico unlawfully removed the trailer from Target with <u>Target's permission and approval,</u> and eventually returned the trailer to Target.

F. Civil conspiracy is affront, and clearly discernible by the actions of both Defendants.

G. Plaintiff has been damaged by the Defendants' actions.

<strong><u>RELIEF SOUGHT</u></strong>

24. **WHEREFORE,** the Plaintiff prays for damages to be awarded in the amount of $50,000 for loss revenue, $100,000 for punitive damages, plus court costs, legal fees, and travel expenses to and from court.

Respectfully Submitted,

*Brendan Purnell*

**Brendan Purnell**
**Plaintiff**
**2330 Scenic Hwy, Suite 300**
**Snellville, GA 30078**
**(770) 789-5001**

Dated: March 24, 2022

**IN THE SUPERIOR COURT OF THE STATE OF GEORGIA
IN AND FOR TIFT COUNTY**

PRAECIPE

BRENDAN PURNELL,                    )
     PLAINTIFF,                    )
                        )
     V.                    )   CIVIL ACTION NO._____
                        )
PEPSICO, INC. and TARGET            )
CORPORATE SERVICES, INC.            )
     DEFENDANTS.                   )

Please issue the following COMPLAINT to:


PEPSICO, INC.
C/O CT CORPORATION SYSTEM
(GA REGISTERED AGENT)
289 S CULVER STREET
LAWRENCEVILLE, GA, 30046-4805, USA

TARGET CORPORATE SERVICES, INC.
C/O CT CORPORATION SYSTEM
(GA REGISTERED AGENT)
1201 PEACHTREE STREET
NE, ATLANTA, GA, 30361, USA


*Brendan Purnell*
_____
**Brendan Purnell
Plaintiff
2330 Scenic Hwy, Suite 300
Snellville, GA 30078
(770) 789-5001**


Dated: March 24, 2022

## IN THE SUPERIOR COURT OF THE STATE OF GEORGIA
## IN AND FOR TIFT COUNTY

PRAECIPE

BRENDAN PURNELL,                 )
    PLAINTIFF,                   )
                                 )
    V.                           )   CIVIL ACTION NO._____
                                 )
PEPSICO, INC. and TARGET         )
CORPORATE SERVICES, INC.         )
    DEFENDANTS.                  )

**THE STATE OF GEORGIA,**
**TO THE SHERIFF OF TIFT COUNTY:**
**YOU ARE COMMANDED:**

    To summon the above-named defendant so that, within 20 days after service hereof upon defendant, exclusive of day of service, Defendant shall serve upon, <u>PEPSICO, INC.,</u> whose address is <u>C/O CT CORPORATION SYSTEM, (GA REGISTERED AGENT)289 S CULVER STREET, LAWRENCEVILLE, GA, 30046-4805, USA</u>, an answer to the complaint (and, if the complaint contains a specific notation requiring the defendant to answer any or all allegations of the complaint by affidavit, an affidavit of defense).
    To serve upon the Defendant a copy hereof and of the complaint.

Dated:_____          _____
                                 Clerk of Court

TO THE ABOVE-NAMED DEFENDANT:

    In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on the Plaintiff's attorney named above an answer to the complaint (and, if the complaint contains a specific notation requiring the defendant to answer any or all allegations of the complaint by affidavit, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint.

                                 _____
                                 Clerk of Court