IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

|  |  |  |
|---|---|---|
| BRENDAN PURNELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.:  7:22-cv-00043 (WLS) |
| | : | |
| PEPSICO, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court is Defendants PepsiCo, Inc., and Target Corporate Services' Motion for Summary Judgment (Doc. 11) filed on January 11, 2023.  For the following reasons, Defendant PepsiCo's Motion for Summary Judgment (Doc. 11) is **GRANTED**.

## PROCEDURAL HISTORY & RELEVANT BACKGROUND

On March 24, 2022, Plaintiff Brendan Purnell, proceeding pro se, filed a Complaint against Defendants PepsiCo and Target[1] in the Superior Court of Tift County, Georgia. (Doc. 1). On May 6, 2022, Defendants removed the case to this Court pursuant to diversity jurisdiction. (*Id.*); 28 U.S.C. § 1332. On May 13, 2022, Defendants filed their Answer. (Doc. 7).

On January 11, 2023, Defendants timely filed the instant Motion for Summary Judgment (Doc. 11), pursuant to the Scheduling/Discovery Order (Doc. 9). That same day,

---

[1] Plaintiff did not serve Target with process, and Target has not entered an appearance in this case. Defendant PepsiCo asserts that Target Corporate Services, Inc. was also dissolved in 2016, according to the Georgia Corporations Division's online corporate information search. (Doc. 11, at 1, n.1).

the Clerk filed a Notice to the pro se Plaintiff regarding Defendant's Motion for Summary Judgment. (Doc. 12). On May 11, 2023, about three (3) months later, Plaintiff filed his Response, opposing Defendant's Motion for Summary Judgment. (Doc. 13). A few days later, Defendants filed a Reply (Doc. 15). Plaintiff subsequently filed a Motion for Leave to File a Reply Brief (Doc. 16), which the Court granted (Doc. 17). Thereafter, Plaintiff filed his Surreply (Doc. 18).

## FACTS

The following facts are derived from Plaintiff's Complaint, Defendants' Motion for Summary Judgment, Plaintiff's Response, Defendants' Statement of Undisputed Material Facts, Plaintiff's Admission of Fact, Plaintiff's answers to Defendants' interrogatories, and the record in this case that have been properly cited to and supported by evidence. Where relevant, the factual summary contains undisputed as well as disputed facts derived from the pleadings, the discovery and disclosure materials on the record, and any affidavits. Notably, all evidence, the record, and any inferences arising therefrom are construed in light most favorable to Plaintiff because he is the nonmoving Party.

Plaintiff Purnell is in the freight-haul/trucking industry. (Doc. 1-1, at 2). Sometime in December of 2021, Plaintiff leased a trailer. (*Id.*; Doc. 13, at 5). Said trailer was leased by company called Metro Trailer Leasing to another company, A2B Trucking, Inc. (Docs. 11-4; 11-5). Plaintiff admits that he did not possess title or the right of possession of that trailer at the time of the incident. (Docs. 11-3; 11-4; 11-5).

On December 14, 2021, Plaintiff alleges that a driver went to the Target lot in Tifton, Georgia, to pick up the trailer; however, the driver was unable to find it. (Doc. 1-1, at 2). On or about December 16, 2021, a PepsiCo employee learned that one of its drivers had picked

2

up the trailer without authorization because it looked identical to the one that the PepsiCo driver was supposed to pick up from that location. (Doc. 7; Doc. 11, at 2; Doc. 11-1, at 2). Plaintiff was informed that the trailer had been moved to Atlanta, Georgia, and then was informed later that it had been located to Lithia Springs, Georgia. (Docs. 1-1, at 3–4; 11-1, at 2). Plaintiff, however, did not pick up the trailer from a location in Lithia Springs for about ten (10) days and had not followed up with PepsiCo regarding the trailer; thus, Plaintiff did not know that the trailer had been returned to the Target location in Tifton, Georgia. (*Id.*; Doc. 1-1, at 3–4). Thereafter, the trailer was returned to Plaintiff, before he filed the instant lawsuit. (Doc. 11-1, at 3; Doc. 1-1, at 4).

Plaintiff alleges the following: Count One: Leasehold Interest, stating that he never abandoned his leasehold; Count Two: Conversion, alleging that PepsiCo used his trailer without authorization and that PepsiCo unjustly enriched itself by conversion of the Plaintiff's trailer; and Count Three: Civil Conspiracy, alleging that by allowing PepsiCo to remove Plaintiff's trailer without authorization, Target conspired with PepsiCo to engage in conversion. (Doc. 1-1, at 5–7). In addition, Plaintiff also requests "damages to be awarded in the amount of $50,000 for loss [sic] revenue, $100,000 for punitive damages, plus court costs, legal fees, and travel expenses to and from court." (*Id.* at 7).

## **STANDARD**

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Chow v. Chak Yam Chau*, 555 F. App'x 842, 846 (11th Cir. 2014) (citing *Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013)). "'A genuine issue of material fact does not

exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.'" *Grimes v. Miami Dade Cnty.*, 552 F. App'x 902, 904 (11th Cir. 2014) (citation omitted). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant—here, Defendant—bears the initial burden of showing, by citing to the record, that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Barreto v. Davie Marketplace, LLC*, 331 F. App'x 672, 673 (11th Cir. 2009). The movant can meet that burden by presenting evidence showing there is no dispute of material fact, or by demonstrating that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *See Celotex*, 477 U.S. at 322–24.

After the movant has met their burden, the Court must determine "whether the evidence [submitted by Plaintiff] presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999) (citation omitted). The nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. While a plaintiff can use their affidavit to meet this burden, FED. R. CIV. P. 56(c)(4), the affidavit must "designate 'specific facts showing that there is a genuine issue for trial,'" and he "may not merely rest on his

pleadings." *Graham*, 193 F.3d at, 1282.  The nonmoving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the nonmoving party's favor. *L.S. by Hernandez v. Peterson*, 420 F. Supp. 3d 1307, 1314 (S.D. Fla. 2019).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Vicks v. Knight*, 380 F. App'x 847, 851 (11th Cir. 2010) (citation omitted).  To avoid summary judgment, the nonmovant must point to record evidence that would be admissible at trial.  *See Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012) (quoting *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999)) (noting that hearsay may be considered on a motion for summary judgment only if it "could be reduced to admissible evidence at trial or reduced to admissible form").

On a motion for summary judgment, the Court must view all evidence and factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict.  *See Matsushita*, 475 U.S. at 587–88; *Allen*, 121 F.3d at 646.  The Court, however, must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(C).

In addition, the Court's Local Rule 56 requires the following:

> The respondent to a motion for summary judgment shall attach to the response a separate and concise statement of material facts, numbered separately, to which the respondent contends there exists a genuine issue to be tried.  Response shall be made to each of the movant's numbered material facts.  All material facts contained in the moving party's statement which are not specifically controverted by the respondent in respondent's

statement shall be deemed to have been admitted, unless otherwise inappropriate.

M.D. Ga. L.R. 56.

Additionally, in the instant case, the Court is cognizant of Plaintiff Purnell's pro se status. True, pro se pleadings "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But even a pro se litigant must still comply with procedural rules and court orders. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Important to note, the leniency given to pro se litigants does not mean that the normal summary judgment standard is discarded, that the Court accepts factual averments and contentions unsupported by the record, or that the Court serves as a *de facto* counsel for Plaintiff, rewrite his filings, or make arguments on his behalf to help him overcome Defendant's summary judgment challenges. *See Nawab v. Unifund CCR Partners*, 553 F. App'x 856, 860 (11th Cir. 2013); *GJR Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991)). Thus, "[w]hen a nonmoving party's response consists of nothing more than conclusory allegations, summary judgment is not only proper but required." *Nawab*, 553 F. App'x at 860.

## **DISCUSSION**

### I.    **Plaintiff's Count One Fails to State a Claim on Which Relief May be Granted.**

At the outset, the Court finds that Plaintiff's Count One for Leasehold Interest fails to state a claim. Under Count One, Plaintiff states that he leased the trailer from Metro Trailer leasing and that he "never" abandoned his leasehold and that Target and PepsiCo deprived him of his leasehold interest via unauthorized use of his trailer. (Doc. 1-1, at 5).

Defendant contends that Plaintiff does not cite to any legal authority in support of this claim and suggests that perhaps Plaintiff may have intended to assert a claim for tortious interference with contractual or business relations instead. (Doc. 11, at 9). Defendant then provides Georgia law for tortious interference with contractual or business relations and provides analysis as to why Plaintiff cannot satisfy the elements. (*Id.* at 10).

In his Response (Doc. 13), however, Plaintiff contends that, contrary to Defendant's suggestion that Plaintiff may have meant to assert a claim for tortious interference with contractual or business relations, his allegation is "distinct and focused on the specific deprivation of leasehold interest." (Doc. 13, at 8). Plaintiff then argues that he held a valid leasehold interest in the trailer, which PepsiCo interfered with. (*Id.* at 9).

In its Reply, Defendant contends that "no such cause of action exists under Georgia law" and argues that Plaintiff's contention that he "held a valid leasehold interest in the subject trailer" is "untrue" because evidence (Docs. 11-4; 11-5) show that the trailer was leased by Metro Trailer Leasing to A2B Trucking, which held any "leasehold interest." (Doc. 15, at 8–9).

Yet, Plaintiff contends that his claim for leasehold interest is grounded under Georgia law, and cites to O.C.G.A. § 44-7-1, which actually discusses relationship of landlord and tenant when the owner of real estate grants to another person the right to possess and enjoy the use of real estate. (Doc. 18, at 3–4). Plaintiff further contends that his claim of "leasehold interest" is a valid cause of action. (*Id.* at 3).

Here, Defendant is correct that no such cause of action exists under Georgia law. The Court also finds Plaintiff's citation of or reliance on O.C.G.A.§ 44-7-1 is misplaced because Section 44-7-1 pertains to a relationship between landlords and tenants, which is not

relevant to Plaintiff's claim in this case. Therefore, Defendant's motion for summary judgment as to Plaintiff's Count One: Leasehold Interest is **GRANTED**.

## II. Plaintiff Cannot Establish the Prima Facie Elements of Count Two: Conversion.

Defendant contends that Plaintiff's conversion claim fails as a matter of law because Plaintiff did not own or possess title to the trailer. (Doc. 11, at 4–6). In support, Defendant points to Plaintiff's admission (Doc. 11-3), wherein Plaintiff admits that "he did not possess title or the right of possession of the subject trailer at the time of the incident" (Docs. 11-2; 11-3) as well as the trailer lease, which shows that the subject trailer was leased by Metro Trailer Leasing to A2B Trucking, Inc. (Docs. 11-4; 11-5). Additionally, Defendant argues that Plaintiff cannot prove that PepsiCo refused to return the trailer to Plaintiff and that undisputed facts show the trailer was, in fact, returned to Plaintiff, once Defendant realized it took the wrong trailer, "long before" Plaintiff filed the instant lawsuit. (Doc. 11, at 6). Defendant also asserts that Plaintiff has not shown with proper evidence that the alleged conversion proximately caused damages and that Plaintiff has also not proven any damages. (Doc. 11, at 6–7).

Conversely, Plaintiff contends that he had a right of possession to the trailer. (Doc. 13, at 5). He also contends that the trailer was returned to him "nearly two weeks" after Defendant realized the mistake, that this late return amounted to a refusal, and that "the issue of whether PepsiCo's delay in returning the trailer constitutes a refusal . . . should be a question for the jury to decide." (*Id.* at 5–6). Plaintiff does not cite to legal authorities to support his contention. (*Id.* at 5–6). Plaintiff also asserts that he suffered financial harm due to the late return of the trailer but has provided no relevant evidence of any financial harm

that may have incurred in December of 2021 or at around the time of the incident. (*Id.* at 6–7). The docket shows, however, that Plaintiff filed some documents called "load confirmation" that are dated for May and June of 2022.  (Doc. 10-1).

Defendant argues that Plaintiff's mere statement that he had a legal right of possession of the trailer at the time of the incident is conclusory, and without proper evidence, such statement must be disregarded. (Doc. 15, at 4). Defendant argues again that Plaintiff failed to provide evidence to contradict or overcome his own admission that he did not possess title or right to possession and that Plaintiff failed to provide "any actual information or documents to support" his claims of damages. (*Id.* at 5–6).

In his Surreply (Doc. 18), Plaintiff states that, despite his admission, he has still "presented evidence demonstrating a legitimate business relationship with A2B Trucking, Inc.," which thus, "establish[es] his right of possession." (Doc. 18, at 1). Plaintiff also contends that he has "robust body of evidence" that Defendant refused to return the trailer but has not provided evidence in support of this contention. (*Id.* at 2). On the docket, however, Plaintiff filed an email that was exchanged between an agent with A2B Trucking and Defendant PepsiCo. (Doc. 10-1, at 6). The agent for A2B Trucking emailed an agent of PepsiCo, stating that one of PepsiCo's drivers took the trailer from the Target in Tifton and "dropped the trailer" in Atlanta. (*Id.*) Also in that email, the A2B Trucking agent notes that he would like to discuss with PepsiCo about "compensations for loss [sic] revenues created by this incident." (*Id.*)  Next, Plaintiff also contends that he presented evidence of damages caused by Defendant but has not provided nor attached any relevant evidence or proof to support the contention. (*Id.* at 2–3). In construing Plaintiff's briefs liberally, however, the Court assumes that Plaintiff is referring to the "load confirmation" documents that are dated

for May and June of 2022 (Doc. 10-1, at 7–18), along with Plaintiff's answers to Defendant's interrogatories, which were made not under oath as required by Federal Rule of Civil Procedure 33[2] (Doc. 14-2). Plaintiff's answers seem to contain some names and contact information of potential witnesses who may have observed or noticed that the trailer had gone missing or was difficult to locate. (Doc. 14-2, at 2–4). Plaintiff's answers also include some of his own statements and contentions, such as how Defendant "refused to return the subject trailer. . . ." (*Id.* at 4).

First, the Court notes that Plaintiff repeatedly makes the assertion that his claims should proceed to trial so that the jury can decide on the merits of his claims in his Response (Doc. 13) and Surreply (Doc. 18). (*See generally* Docs. 13; 18). The Court informs and reminds Plaintiff that this is not how summary judgment works. (*See also* Doc. 12, Notice of Summary Judgment Motion by the Clerk to Pro Se Plaintiff). A district court "may grant summary judgment where the material fact concerning a claim cannot reasonably be disputed. And even though granting summary judgment prevents the parties from having a jury rule upon those facts, there is no need to go forward with a jury trial when the pertinent facts are obvious and indisputable from the record; the only remaining truly debatable matters are legal questions that a court is competent to address." *McCasland v. Pro Guard Coatings, Inc.*, 799 F. App'x 731, 734–35 (11th Cir. 2020) (internal citation omitted) (emphasis added).

---

[2] Federal Rule of Civil Procedure 33 provides that "[e]ach interrogatory must, to the extent that it is not objected to, be answered separately and fully in writing under oath." FED. R. CIV. P. 33(b)(3).

Second, the Court notes that Plaintiff's answers to Defendant's interrogatories are not properly or adequately presented. Generally, the Federal Rule of Civil Procedure 33 is commonly interpreted as requiring all interrogatory answers, whether initial or supplemental, to be signed under oath. *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 254 F.R.D. 463, 466 (M.D. Fla. 2008); *Price v. Gwinnett Fam. Dental Care, LLC,* No. 1:06–CV–2659–BBM–GGB, 2007 WL 3477771, at *1 (N.D. Ga. Oct. 31, 2007) ("Interrogatory responses . . .  must be made under oath.")

Here, Plaintiff does not swear or otherwise show that his answers to the interrogatories were given under oath. (*See* Doc. 14-2). "Requiring a party to sign interrogatory responses under oath serves the critical purpose of ensuring that the responding party attests to the truth of the responses." *McNeal v. Macon Cnty. Bd. of Educ.*, No. 3:19-CV-122-SRW, 2021 WL 6883429, at *3 (M.D. Ala. May 26, 2021) (internal citation omitted). "Courts have routinely refused to consider interrogatories that do not comport with that mandate." *Id.* (internal citation omitted). Therefore, here, the Court will not consider Plaintiff's answers to interrogatory that has not been properly made under oath pursuant to Rule 33. FED. R. CIV. P. 33.

Even if the Court were to consider Plaintiff's answers, however, Defendant would still be entitled to summary judgment because the Court finds that Plaintiff cannot make out a prima facie case for conversion as Plaintiff failed to adequately plead the elements. To establish a claim for conversion under Georgia law, a plaintiff must show (1) title to the property or the right of possession; (2) actual possession in the other party; (3) demand for return of the property; and (4) refusal by the other party to return the property. *Cap. Fin. Servs. Grp., Inc. v. Hummel*, 721 S.E.2d 108, 110–11 (Ga. Ct. App. 2011). Indeed, a plaintiff in

a conversion action "need not show he is absolute owner of the converted property; he only need show a right of action or possession in the property. Right of possession means either actual possession or the right to immediate possession of the property." *Alexander Law Firm, P.C. v. Richburg*, 864 S.E.2d 479, 486 (Ga. Ct. App. 2021).

Here, however, Plaintiff Purnell admitted to Defendant's request for admission that he "did not possess title to or the right of possession of the subject trailer at the time of the incident." (Doc. 11-2) (emphasis added). Therefore, the Court finds Plaintiff's perplexing contention that "[a]lthough Plaintiff has admitted [that he did not possess title to or the right of possession of the subject trailer at the time of the incident]," he still had right of possession through his business relationship with A2B Trucking, to be unpersuasive and insufficient to overcome Defendant's summary judgment challenge. (Doc. 18, at 2); *Glasscox v. City of Argo*, 903 F.3d 1207, 1213 (11th Cir. 2018) ("Conclusory allegations and speculation are insufficient to create a genuine issue of material fact.") Put differently, Plaintiff must show more than his conclusory assertion that he had a right of possession through his business relationship with A2B trucking. But the record only shows the trailer lease (Doc. 10-1, at 4) and trailer registration (Doc. 10-1, at 5), which, at best, show the trailer was leased by Metro Trailer Leasing to A2B Trucking. Plaintiff has presented no other evidence that may show the actual nature of his business relationship with A2B Trucking or how that relationship gave him the right of possession resulting in damages to him.

Assuming arguendo that Plaintiff had right of possession, however, the Court finds that Plaintiff cannot adequately prove that Defendant PepsiCo refused to return the trailer to Plaintiff. The relevant records and facts properly presented before the Court show that the

trailer was returned to Plaintiff about three (3) months before he filed the lawsuit in the Superior Court of Tift County. (Docs. 1-1, at 4; 11-1, at 2).

Under Georgia law, a plaintiff in conversion action is "required to come forward with evidence supporting the elements of his case. . . ." *Jennette v. Nat'l Cmty. Dev. Servs.*, 520 S.E.2d 231, 234 (Ga. Ct. App. 1999). Otherwise, that plaintiff would "suffer summary judgment against him." *Id.*

Here, Plaintiff has not provided proper nor sufficient evidence to support his claim that Defendant PepsiCo refused to return the trailer to him. Plaintiff's answers to Defendant's interrogatories (Doc. 14-2), which were not made under oath as required by Rule 33, only contain the name and contact information of people who helped report the trailer missing or were points of contact for the trailer. (*See generally* Doc. 14-2). As noted above, such evidence is not properly presented before the Court as it was not made under oath as required by Rule 33, and the Court does not find that it is sufficient to overcome Defendant's motion for summary judgment. *See Jennette*, 520 S.E.2d at 235; *Glasscox*, at 903 F.3d at 1213. The Court also does not find the email exchanged between an agent for A2B Trucking and a PepsiCo driver sufficiently show a refusal by PepsiCo. After all, the email only shows that an agent from A2B Trucking reached out to PepsiCo about how a PepsiCo driver took the wrong trailer and how A2B Trucking wants to discuss "compensations for loss [sic] revenues created by this incident" with PepsiCo. (Doc. 10-1, at 6). Simply put, the Court finds that this email alone does not show refusal by PepsiCo.

Moreover, the Court finds that Plaintiff fails to show that the taking and returning of the trailer by Defendant proximately caused him financial harm.  The Court agrees with Defendant that Plaintiff's "load confirmations" (Doc. 10-1, at 7–18), dated for May and June

of 2022, do not show "how they have anything to do with Plaintiff's contention that he lost income during December 2021," which was the time of the incident at issue. (Doc. 15, at 6). Accordingly, Defendant's motion for summary judgment as to Plaintiff's Count Two: Conversion is **GRANTED**.

   **III.   Plaintiff's Count Three: Civil Conspiracy Fails as a Matter of Law.**

   Plaintiff alleged that Defendant PepsiCo and Target removed his trailer "without authorization," and thus, PepsiCo and Target conspired "to engage in the tort of conversion." (Doc. 1-1, at 6).

   Defendant contends that under Georgia law, a claim for "civil conspiracy" fails as a matter of law when a plaintiff does not prove the elements of the corresponding intentional tort claim. (Doc. 11, at 8). Defendant further contends that Plaintiff cannot prove and has not provided evidence that shows PepsiCo and Target had the necessary knowledge and intent to establish a conspiracy. (*Id.* at 8–9).

   On the other hand, Plaintiff argues that he has "sufficiently pled the underlying tort of conversion," thus, his claim for civil conspiracy should proceed. (Doc. 13, at 7). He also points to his Complaint (Doc. 1-1) to argue that it provides "evidence" of the parties involved and that the jury should be allowed to make a determination on the merits of his claims. (Doc. 13, at 8).

   Conversely, Defendant contends that Plaintiff "has presented no evidence of any involvement by any second person" as required by Georgia's civil conspiracy law, and that Plaintiff has not established that PepsiCo and Target had any mutual understanding or any unlawful act to accomplish an act by unlawful means. (Doc. 15, at 8).

In his Surreply (Doc. 18), Plaintiff briefly states that his claim for conspiracy is "solidly grounded in Georgia law" and that "Plaintiff intends to demonstrate at trial" that PepsiCo and Target acted in concert, which resulted in tort. (Doc. 18, at 7).

Under Georgia law, a conspiracy is a "combination of two or more persons to accomplish an unlawful end or to accomplish a lawful end by unlawful means." *First Fed. Savs. Bank v. Hart*, 363 S.E.2d 832, 833 (Ga. Ct. App. 1987). Georgia law is clear that "there is no such thing as a civil action for conspiracy." *Id.* Instead, there is an action for damages caused by acts pursuant to a formed conspiracy, but none for the conspiracy alone. *Id.* Therefore, the existence of a civil conspiracy depends on the viability of another claim; accordingly, if that underlying claim fails, then a claim for civil conspiracy must also fail. *See id.*; *see also McKesson Corp. v. Green*, 683 S.E.2d 336, 343 (Ga. Ct. App. 2009).

Here, Plaintiff alleges a claim of civil conspiracy against PepsiCo and Target because they allegedly conspired "to engage in the tort of conversion." (Doc. 1-1, at 6). Because the Court finds that Plaintiff's underlying claim of conversion fails as a matter of law, the Court also finds that Plaintiff's claim for conspiracy must fail. *See McKesson Corp.*, 683 S.E.2d at 343. Therefore, Defendant's Motion for Summary Judgment for Plaintiff's claim of civil conspiracy is **GRANTED.**

### IV.   Plaintiff Is Not Entitled to Requested Relief for Damages and Various Fees.

Plaintiff "prays for damages" in the amount of "$50,000 for loss [sic] revenue, $100,000 for punitive damages, plus court costs, legal fees, and travel expenses to and from court." (Doc. 1-1, at 7). Because the Court finds that Defendant is entitled to summary judgment on all of Plaintiff's claims, as addressed *supra*, Plaintiff is, of course, not entitled to

the requested damages and fees based on those claims. *See, e.g.*, *Smith v. Regis Corp.*, No. 1:20-CV-258-WLS, 2021 WL 9629464, at * 8 (M.D. Ga. Dec. 14, 2021).

## CONCLUSION

For aforementioned reasons, namely that no genuine dispute of material fact remains as to any of Plaintiff's claims addressed herein, Defendant's Motion for Summary Judgment (Doc. 11) is **GRANTED**. Judgment shall be entered in favor of Defendants and against Plaintiff. Plaintiff shall take nothing upon the Complaint.


**SO ORDERED**, this __25th__ day of September 2023.


/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**